## AMES *versus* SWETT.

A mechanic, who has labored upon a vessel, having been employed, not by the owner, but by a person, who had contracted with the owner to do the work for a specified price, cannot enforce a lien upon the vessel by an action against the *owner*.

If he have such a lien, his remedy is by attaching the vessel, in a suit against his *employer*.

ON FACTS AGREED.

ASSUMPSIT, for labor in calking a vessel.

The defendant built and owned a barque. He contracted with one Tribou to do the calking. Tribou hired the plaintiff to calk. The plaintiff charged his labor to Tribou, who, on account of some disagreement as to the mode of payment, left the bill unsettled. The plaintiff, claiming a lien upon the vessel, brought this suit and seasonably attached the barque.

*Tuck*, for the plaintiff.

*Woodman*, for the defendant.

WELLS, J. — The contract under which the plaintiff performed the labor upon the vessel, was not made with the defendant, but with one Silas K. Tribou, who had agreed with the defendant to calk the vessel for a certain sum. The plaintiff labored for Tribou against whom, he had a right of action for his services. There was no privity of contract between the plaintiff and defendant.

But it is contended, that the action is maintainable for the purpose of enforcing the lien, which the plaintiff claims to have upon the vessel. It is unnecessary to decide the question, whether the plaintiff, a sub-contractor, has any lien upon the vessel, for if he has, his remedy would be to bring an action against his employer and attach the vessel. The statute does not authorize him to sue the owner of the vessel, with whom he has not made any contract express or implied. Tribou was not the agent of the defendant, but acted for himself in hiring the plaintiff, to whom he is debtor for whatever may be due. *Plaintiff nonsuit.*

NOTE. — See the case of *Doe* v. *Monson & Trustee*, 33 Maine, 430.